# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Jeffrey A. Sacek, ) | |
| ) | Case No. 17-cv-6659 |
| Plaintiff, ) | |
| ) | COMPLAINT FOR VIOLATION OF |
| ) | AMERICANS WITH DISABILITIES |
| v. ) | ACT AND STATE SUPPLEMENTAL |
| ) | CLAIMS |
| Ford Motor Co., ) | |
| ) | |
| Defendant. ) | JURY DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, JEFFREY A. SACEK, by and through his attorney, Law Office of Julie O. Herrera, and against FORD MOTOR CO. complains as follows:

### Jurisdiction, Venue, and Parties

1. This case arises under the Americans with Disabilities Act of 1990 ("ADA"), as amended, codified at 42 U.S.C. § 12112. Accordingly, this court has jurisdiction to hear this case pursuant to 28 U.S.C. §1331 (federal question).

2. Plaintiff also brings state law claims under the Illinois Human Rights Act ("IHRA"), codified at 775 ILCS 5, and the Illinois tort of retaliatory discharge.

3. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because these claims are so related to the ADA claims that they form part of the same case or controversy under Article III of the U.S. Constitution.

4. Plaintiff, Jeffrey A. Sacek, was hired on April 29, 2016 by Defendant, Ford Motor Company, as an assembly line worker.

1

5. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1) and §(b)(2), because Ford Motor Co. resides and does business here, at the Chicago Assembly Plant located at 12600 South Torrence Avenue; and the acts and omissions that Plaintiff complains of occurred there.

## Facts Relevant to All Counts

6. On May 8, 2016, Sacek injured his shoulder at work.

7. Sacek reported to work for several days after his injury, but there was no work for him to do with him limitations.

8. Thereafter, Sacek requested time off from work to recover from this injury.

9. On September 10, 2016, Sacek's physician released him back to work as of September 16, 2016.

10. On September 16, 2016, Sacek came to Ford Motor Co. and followed procedure by presenting himself to "Medical." There, they cleared him to return and said that his time off was justified.

11. However, after his visit to "Medical," he went to "Labor," where he was fired for "being AWOL."

## Count I: ADA Violations

12. Plaintiff re-alleges paragraphs 1-11 as if alleged here.

13. As a result of his shoulder injury, Sacek was a person with disability, as that term is defined by the ADA.

14. His condition substantially impaired his ability to care for himself (such as dress himself), perform manual tasks (such as open doors, carry items, and reach for things), lift, and work.

2

15. Ford Motor Co. was aware of his impairments.

16. Sacek requested reasonable accommodation—he requested time off from work to recover.

17. Ford engaged in no interactive process during his time off. For example, they never warned Sacek that his right to protected leave would be expiring on a certain date.

18. Ford Motor Co. violated the ADA in the following ways: it terminated Sacek because of his shoulder disability--as that term is defined in the ADA (whether actual, perceived, or record of); it denied him reasonable accommodation (protected time off) and failed to engage in the required interactive process; and it retaliated against him for requesting reasonable accommodation (time off) for his disability.

19. Sacek has been harmed by Ford's violations of federal law: he has lost wages and benefits, lost earning power, and suffered emotional distress.

20. Sacek had to retain an attorney to vindicate the violation of his rights.

21. Ford Motor Co.'s conduct was in reckless disregard of Sacek's rights. Therefore, Sacek requests punitive damages to punish Ford and to deter Ford and other companies from engaging in similar discriminatory conduct in the future.

WHEREFORE, Plaintiff JEFFREY A. SACEK requests that Defendant, FORD MOTOR COMPANY, be found liable, that judgment be entered against it, and that Plaintiff be awarded all remedies to which he is entitled under the law, including lost wages, salary, employment benefits, or other compensation; the present cash value of the time, earnings, salaries, and benefits reasonably certain to be lost in the future; compensatory damages (including for emotional distress); punitive damages; prejudgment interest; attorneys' fees;

reasonable expert witness fees; costs of litigation; and any other relief deemed equitable and appropriate.

## Count II: IHRA

22. Plaintiff re-alleged paragraphs 1-21 above.

23. Ford's actions and inactions violate the IHRA.

WHEREFORE, Plaintiff JEFFREY A. SACEK requests that Defendant, FORD MOTOR COMPANY, be found liable, that judgment be entered against it, and that Plaintiff be awarded all remedies to which he is entitled under the law, including: actual damages; cease and desist orders; reinstatement or front pay; backpay; fringe benefits; prejudgment interest; attorneys fees; expert witness fees; costs; and any other relief to make Sacek whole, including compensation for lost earning power.

## Count III: Retaliatory Discharge

24. Plaintiff re-alleges paragraphs 1-11 as if alleged here.

25. Sacek filed a claim internally with Ford's worker's compensation department immediately after his injury on May 8, 2016.

26. Sacek filed a claim at the Illinois Workers' Compensation Commission on May 25, 2016.

27. Sacek sought benefits to which he was entitled under the Illinois Workers' Compensation Act, including time off and medical treatment for his injury.

28. Sacek was told before his termination that the worker's compensation department wanted him fired.

29. Sacek was told the day he was terminated that a worker's compensation insurance agent for Ford Motor Co. (named Lori Dennis) instructed that he be fired.

30. Ford terminated Sacek because he sought benefits to which he was entitled under the Illinois Workers' Compensation Act. This violates Illinois public policy.

31. Sacek has been harmed by Ford's violation of state law: he has lost wages and benefits, lost earning power, and suffered emotional distress.

32. Ford has a pattern and practice of firing employees who seek worker's compensation benefits. Therefore, Sacek requests punitive damages to punish Ford and to stop Ford (and other companies) from engaging in similar discriminatory conduct in the future.

WHEREFORE, Plaintiff JEFFREY A. SACEK requests that Defendant, FORD MOTOR COMPANY, be found liable, that judgment be entered against it, and that Plaintiff be awarded all remedies to which he is entitled under the law, including: back pay and benefits; compensatory damages, including for emotional distress; punitive damages; prejudgment interest; and court costs.

## JURY DEMAND

33. Plaintiff demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

DATED: 9/15/17

Respectfully submitted by:

s/Julie O. Herrera_____
Law Office of Julie O. Herrera
53 W. Jackson, Suite 1615
Chicago, IL 60604
Tel: 312-697-0022
Fax: 312-697-0812
jherrera@julieherreralaw.com

5